UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CITY FURNITURE, INC., a Florida
corporation

        Plaintiff,

v.                                 Case No:  2:15-cv-748-FtM-99CM

SCOTT A. CHAPPELLE,

        Defendant.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel and for Sanctions (Doc. 39) filed on June 29, 2016.   To date, Defendant has not filed a response and the time to do so has expired.   The motion, therefore, is ripe for review.   For the reasons that follow, the motion is due to be granted in part.

### I.    Background

This is a breach of contract action in which Plaintiff, City Furniture Inc., ("City Furniture") alleges that it agreed to make a $500,000.00 loan to Alico Flex Holdings, LLC ("Alico") pursuant to a promissory note. Doc. 1 ¶ 9.   Defendant, Scott A. Chappelle ("Chappelle"), executed a Guaranty of Payment and Performance ("guaranty") in favor of City Furniture wherein he unconditionally guaranteed to repay the loan amount under the promissory note.   *Id.* ¶ 10.   City Furniture alleges that Chappelle is in default of the guaranty for failure to make payments under the promissory note.   *Id.* ¶ 20.   On December 1, 2015, City Furniture filed the instant

lawsuit to recover the alleged amount due plus interest, which it claims totals $719,877.61.  *Id.* ¶ 15.

On April 26, 2016, City Furniture served its First Request for Production and propounded its First Set of Interrogatories to Chappelle.  Doc. 39 at 2.  Generally, the requests seek documents and communications regarding payments made related to the promissory note obligation (Doc. 39 at 2-5), documents related to any transfer of assets by Chappelle (Doc. 39 at 6), documents reflecting notice of default with regard to the promissory note (Doc. 39 at 6), documents reflecting notice of acceleration of debt with regard to the promissory note (Doc. 39 at 7), and documents supporting the various affirmative defenses asserted by Chappelle (Doc. 39 at 7-10). The interrogatories request that Chappelle describe with specificity and particularity all matters related to any notice of default or notice of acceleration of debt with regard to the promissory note obligation (Doc. 39 at 11), and request that Chappelle describe with specificity and particularity all matters related to six out of the nine affirmative defenses asserted.  See Docs. 39 at 12-15; 26 at 3-4.

To the requests for production, Defendant has responded that the documents are either "in the possession of Plaintiff," (Doc. 39 at 2-4), that he is "searching his documents and will supplement if any documents exist," (Doc. 39 at 5-7, 10), or he objects because "the request is vague, unreasonably broad and not reasonably calculated to lead to the discovery of admissible evidence."  (Doc. 39 at 6, 10). Moreover, to the requests related to the affirmative defenses, with the exception of one to which Plaintiff objected, the responses merely state "See complaint and

Exhibits and referenced Promissory Note." Doc. 39 at 7-9. In response to the interrogatories, Defendant has objected to each of them on the ground that "'all matters' is not defined and the request is vague, unreasonably broad and not reasonably calculated to lead to the discovery of admissible evidence." Doc. 39 at 11-15.

Plaintiff states that on June 6, 2016, counsel for the parties engaged in a telephonic conference call in an effort to resolve these outstanding discovery disputes. *See e.g.*, Doc. 39 at 2. Counsel reached an agreement on the definition of "all matters" to which Defendant had objected, and Defendant's counsel agreed to provide supplemental responses within ten days from the date of the telephone conference. *Id.* Despite this agreement, however, Defendant failed to supplement his responses. *Id.*

## II. Discussion

Rule 33 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).    Relevancy is determined based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action."    Fed. R. Evid. 401.    A request for production must state "with reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P. 34(b)(1)(A).    The party to whom the request is directed must respond within thirty days after being served, and "for each item or category, . . . must state with specificity the grounds for objecting to the request, including the reasons."    Fed. R. Civ. P. 34(b)(2).    Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."   Fed. R. Civ. P. 34(b)(2)(C).    When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery.    Fed. R. Civ. P. 37(a)(3)(B)(iv).

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on another party written interrogatories that relate to "any matter that may be inquired into under Rule 26(b)" as outlined above.    Fed. R. Civ. P. 33(a).    A written response or objection to an interrogatory is due within thirty days after the service.    Fed. R. Civ. P. 33(b)(2).    An objection is waived if not made timely "unless the court, for good cause, excuses the failure."    Fed. R. Civ. P. 33(b)(3).    A party objecting to an interrogatory must state "with specificity" the grounds for such objection.    Fed. R. Civ. P. 33(b)(4).    Furthermore, "[a] party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. . ."    *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550,

1559 (11th Cir. 1985) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

An evasive or incomplete answer or response must be treated as a failure to answer

or respond.   Fed. R. Civ. P. 37(a)(4).   When a party fails to answer an interrogatory,

the party seeking the discovery may move to compel the response.   Fed. R. Civ. P.

37(a)(3)(B)(iii).   Whether or not to grant a motion to compel is at the discretion of the

trial court.   *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th

Cir. 1984).

Upon a review of the requests for production of documents and Defendant's

responses, the Court is satisfied that the documents requested are relevant to this

proceeding and must be produced.   Moreover, the information that Plaintiff seeks in

each interrogatory is relevant and Defendant must respond.   To the extent

Defendant responded to the discovery requests, those responses are incomplete and

evasive, and must be treated as a failure to respond.   Fed. R. Civ. P. 37(a)(4).   The

blanket objections asserted by Defendant that the requests and interrogatories are

overly broad, burdensome or oppressive, without any further explanation, are

insufficient.   *See Panola Land Buyer's Assn.* 762 F.2d at 1559.   Even if they were

valid objections, objections timely asserted in a party's initial response to discovery

requests but not reasserted or argued in response to a motion to compel are deemed

abandoned.   *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860,

at *1 (M.D. Fla. Jan. 27, 2006); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 n. 8

(D. Kan. 2004); *See also Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201

(M.D. Fla. 1990) (finding an initial objection abandoned when the response brief to

the motion to compel did not discuss the objection).   Here, Defendant has chosen not to respond to the motion to compel.   Not only does Defendant waive his objections, but failure to file a response to a motion creates a presumption that the motion is unopposed.   *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012).   Accordingly, Plaintiff's motion to compel Defendant to produce any and all documents that are in his possession, custody, or control that are within the scope of the requests, and to provide full, complete, and comprehensive responses to the interrogatories is granted.

Plaintiff also seeks reasonable attorney fees and costs associated with bringing this motion, and other sanctions against Defendant.   The rules mandate that if a motion to compel is granted the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.[1] Fed. R. Civ. P. 37(a)(5)(A).   When a party makes a claim for fees, however, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate.   *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   Here, Plaintiff has provided no documentation as to the amount of time expended preparing the present motion or the hourly rate.   Accordingly, Defendant's

---

[1] The Court must not order the payment if: (i) the movant filed a motion before attempting in good faith to obtain the disclosure or discovery without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

request for attorney's fees is denied without prejudice.   Plaintiff's request for other sanctions is also denied without prejudice at this time.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff's Motion to Compel and for Sanctions (Doc. 39) is **GRANTED in part.   On or before August 19, 2016**, Defendant shall produce any and all documents that are in his possession, custody, or control that are within the scope of the requests laid out in Plaintiff's motion. **On or before August 19, 2016**, Defendant shall provide full, complete, and comprehensive responses to the interrogatories laid out in Plaintiff's motion.   If Defendant is unable to produce documents responsive to the requests or provide responses to the interrogatories, then he must explain in reasonable factual detail the efforts that he has made to obtain the requested documents and information and why he is unable to provide them.   **Failure to comply may result in sanctions**.

2.     Plaintiff's request for reasonable costs and attorney's fees is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of August, 2016.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record